IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARIUS PHILLIPS, #M05025 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:24-cv-01930-RJD |
| vs. | ) | |
| | ) | |
| C/O SCHLOTT, | ) | |
| | ) | |
| Defendant. | | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 40). For the reasons set forth below, the motion is **GRANTED**.

**Background**

Plaintiff, Darius Phillips, is a former individual in custody who was previously incarcerated within the Illinois Department of Corrections ("IDOC"). On August 19, 2024, Plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983, alleging Defendants Warden David Mitchell and Schlott violated his constitutional rights. (Doc. 1). On that day, Plaintiff was advised of his obligation to notify the Court of any change of address within 14 days and was warned that failure to do so could result in the dismissal of the case. (Doc. 5). On May 12, 2025, after a hearing in Plaintiff's presence, the Court granted in part Defendants' motion to dismiss for failure to exhaust administrative remedies and dismissed the claims against Defendant Mitchell only. (Doc. 38).

Thereafter, the Court entered a scheduling order setting a discovery deadline of March 23,

---

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 27)

2026, and a deadline for dispositive and *Daubert* motions of April 22, 2026. (Doc. 39). Defendant Schlott scheduled the deposition of Plaintiff to occur via Zoom on April 13, 2026, and sent notice to Plaintiff on March 30, 2026, to his last registered address at Hill Correctional Center, and coordinated with staff at Hill Correctional Center to arrange for Plaintiff's video appearance at the facility. (Doc. 40). On the date of Plaintiff's scheduled deposition, undersigned counsel was notified that Plaintiff was no longer housed at Hill Correctional Center. (*Id.*). The IDOC records show that Plaintiff was released from IDOC's custody on mandatory supervised release on May 23, 2025.[2] To date, Plaintiff has not apprised the Court of his change of address.

On April 22, 2026, Defendant Schlott moved to dismiss this case under Rule 41 of the Federal Rules of Civil Procedure for Plaintiff's failure to attend his deposition and to update the Court of his change of address. (Doc. 40). On April 30, 2026, the Court ordered Plaintiff to show cause by May 29, 2026, why this case should not be dismissed with prejudice due to his failure to prosecute it and to update the Court of his change of address. (Doc. 41). Plaintiff did not comply with the Court's order or respond to Defendant's motion to dismiss.

**Discussion**

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b). Dismissal is the most severe sanction that a court may apply; as such, "its use must be tempered by a *careful* exercise of judicial discretion." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Factors to be considered before an involuntary dismissal include the following: (a) "the frequency and magnitude of the plaintiff's failure to comply with deadlines"; (b) any responsibility of plaintiff's attorney in the mistake; (c) "the effect of the failures on the judge's calendar"; (d) prejudice to the

---

[2] *See* IDOC Individual in Custody Search at <u>Individual in Custody Search</u> (last visited, June 5, 2026).

defendant; (e) the merit of the suit; and (f) "the consequences of dismissal for the social objectives of the type of litigation that the suit represents." *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). While gradual sanctions before dismissal are not required, the Court must provide an explicit warning before dismissing a case with prejudice. (*Id.*) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)).

Dismissal in this case is warranted under Rule 41(b). Plaintiff has failed to engage in discovery and to appear at his deposition. Further, he did not respond to Defendants' motion to dismiss, despite ample time and opportunity to do so. Moreover, Plaintiff has failed to comply with two Court orders: he did not notify the Court of his change of address and did not respond to the Order to Show Cause. Although lesser sanctions may be available, they would be unavailing, as Plaintiff has clearly lost interest in litigating this case. At this juncture, the discovery and dispositive motions deadlines have passed. Defendants cannot file a dispositive motion on the merits without Plaintiff's cooperation in being deposed. The Court is not inclined to expend significant resources and to require Defendant to do so if Plaintiff is not demonstrating diligence in pursuing this case.

**<u>Conclusion</u>**

For the reasons explained above, Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 40) is **GRANTED**. This case is **DISMISSED with prejudice** for want of prosecution. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED: June 5, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**